## Jerry Hunter, Guardian of Cursie Jackson, Appellant, *v.* Consolidated Traction Company.

*Negligence—Street railways—Infant.*

In an action by a boy six or seven years old to recover damages for personal injuries caused by being run over by an electric car, a verdict and judgment for the defendant will be sustained where the weight of the evidence of even the plaintiff's own witnesses tends to show that he ran in front of the car; that the car was so close when he started to run that the motorman could not stop it in time to prevent the accident.

Argued Oct. 30, 1899. Appeal, No. 137, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 3, Allegheny County, Aug. T., 1897, No. 490, on verdict for defendant. Before GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Trespass for personal injuries. Before KENNEDY, P. J.

The facts appear by the charge of the court below which was as follows :

This action is for the recovery of damages which the plaintiff alleges have resulted to him through the negligence of the defendant. The defendant is a street car company, and operates a line running out Center avenue to the East End. On May 21,

1897, the plaintiff, this little boy, was injured by being run over by a car of the defendant company, and he claims that the accident occurred to him through the negligence of the defendant's employees, and for that reason he asks you to give him a verdict that will compensate him for the damage resulting from the injuries received in that accident. The accident occurred in the thirteenth ward, near what is known as the Minersville schoolhouse, almost opposite, and near the place where Morgan street crosses Center avenue, on which avenue were the tracks of the defendant company, and on these tracks these cars were operated. About noon of that day, as the car was proceeding out Center avenue on one of its trips, this little boy was run over, and his leg crushed so that it had to be amputated.

\* \* \* \* \* \* \* \*

It is not disputed that he was run over on the day named, May 21 of last year, and by the car of the defendant company. But the defendant claims that the accident was unavoidable; that under the circumstances the motorman could not have stopped the car and thereby prevented the accident, and the resulting injuries to this little boy. The testimony of the witnesses varies somewhat as to the circumstances, but the most of them agree in saying that the boy was on the side of Center avenue opposite the schoolhouse, or rather opposite the gate entering the school yard, and within a short distance of the point where Morgan street intersects Center avenue, and on the side of the street which was furthest removed from the track on which the car was running that ran over the boy. The car was going out on its trip towards East End, and was on the right-hand track going out, while the boy was on the left-hand side of the street near the curb. Some of the witnesses say that he started to run across the street from the point at which he stood near the curb, on that side of Center avenue, and ran rapidly across the street. [Some of the others say that he walked for a short distance, or until near the first track, and then commenced to run and ran in front of the car.] [4] The defense claims, whether he started to run at once from the curb, or even after he had reached the first track, that he was in such close proximity to the car, at the time he started to cross the street, that it was impossible for the motorman, in the distance that he had to run, to stop the car and prevent the accident; in

other words, that it was unavoidable, and that this boy ran
into the car, or immediately in front of it, and was run over and
injured; that it was the act of a thoughtless, heedless child.
To a boy six or seven years old there can be charged no con-
tributory negligence. You are not to consider the question as
to whether or not he could be guilty of any negligence which
contributed to the accident. Being of tender years, the law is
that he cannot be guilty of any contributory negligence. But
the question for you to determine is, was the defendant com-
pany guilty of any negligence which caused the accident? If
it was not, then your verdict must be for the defendant. You
must not presume that there was negligence on the part of the
defendant company merely because an accident happened and
the boy was injured. The burden is upon the plaintiff to satisfy
you from the evidence that the defendant company was guilty
of negligence, and not only guilty of negligence, but of the
negligence which caused the accident, producing the injuries
of which complaint is made; that is the important question.
The testimony of nearly all the plaintiff's own witnesses would
tend to show that the boy was on the opposite side of the street
from this school yard gate, or near that point, and that the car
was down near the lower side, or on the lower side of Morgan
street near the patrol box, only a very short distance from the
scene of the accident. That is the testimony of the plaintiff's
witnesses, or most of them; I refer now to the testimony of the
three boys. One of them, I think a brother of the boy that was
injured, and the two other boys agree in saying that the car
was only this short distance away, and one of these boys states
that when he saw the little fellow running across the street he
saw that the accident was inevitable, that the car was bound to
catch him. That would tend to show that the accident could
not have been prevented, or guarded against by the motorman,
and if you find that to be so the plaintiff cannot recover, and
your verdict must be for the defendant. But one of the wit-
nesses, and the only one that places the car at so much greater
distance from the scene of the accident, or the place where the
boy was when first discovered, Mr. Thompson, says that he was
on a car coming in the other direction, coming from the East
End, and on the other track, meeting this car that ran over the
little fellow. He says that when he observed the boy on that

side of Center avenue, this car that ran over the boy was away down the street some 200 feet. [There is wide discrepancy on the part of the plaintiff's own witnesses, and you will consider carefully the testimony of Mr. Thompson. The question is whether he is not mistaken in gauging the distance at which the car that caused the accident was from the boy that was hurt; whether he, at that great distance, as he himself states he was from the car, from the scene of the accident, is not mistaken, and these other boys, who place the car in such close proximity to the scene of the accident, and the place where the little boy was when he started from the other side of the street, are correct. It will be your duty to carefully consider all the testimony. In addition to this discrepancy, and we might say, contradictory statements of the plaintiff's own witnesses as to the relative position of the car and the boy, you have the testimony of some four or five witnesses on behalf of the defendant, who place the car much nearer even than these three boys, witnesses for the plaintiff, do.] [3] They place the car much nearer to the scene of the accident and to the boy that was injured, when he was discovered. Mr. Semple, the first witness, says the car was in the middle of Morgan street, approaching the upper crossing, and Miss Henderson's testimony is to the same effect, as also that of Mr. Strouthers, who was the motorman on the other car, or the car coming this way, upon which Mr. Thompson was. Then we have the testimony of the conductor and motorman of this car that ran over the boy. [The testimony of all these witnesses would tend to show that the boy himself was so close to this car, when he ran across the street, that it was not practicable for the motorman to stop the car in time to avoid the accident, or in time to avoid the boy being run over and injured; if that was the case your verdict should be for the defendant. If you find, in other words, that the accident was unavoidable, and that this motorman did, under the circumstances, his whole duty; that immediately upon discovering the boy he did all that he reasonably could to stop the car and prevent the accident, if you find such to be the case, your verdict will be for the defendant company.] [1] If, however, you find that he was negligent; that the accident could have been avoided if he had used the proper care under the circumstances, then it would be your duty to find a verdict in favor of the

plaintiff for such damages as will compensate him, following the rule I have given you. You will take all the testimony and consider it carefully, and as I have stated, consider the testimony carefully of Mr. Thompson, who, as I have said, places the distance of the car from the boy much further or greater than any of the other witnesses. There is a wide discrepancy between him and the other witnesses of the plaintiff, and you will consider whether or not he is mistaken, being at the distance he was when he discovered the car and the boy, and the fact that he was looking from a car which in itself was distant some 240 feet from the scene of the accident, and from the place where the boy was.

Take this case, and, after considering all the testimony, render such verdict as you deem proper, recollecting that the plaintiff, alleging negligence on the part of the defendant company, the burden is upon him to satisfy you that the company was guilty of negligence. You must not infer that the company was negligent simply because the accident happened; you must be satisfied from the testimony that the defendant company was guilty of negligence, otherwise your verdict would be for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 3, 4) above instructions, quoting them.

*W. I. Craig,* for appellant.

*George C. Wilson* and *W. D. Evans,* for appellee, were not heard.

PER CURIAM, November 6, 1899:

It seems to us that the learned court below submitted the question of the defendant's negligence to the jury with careful and correct instructions. The jury found that there was no negligence and therefore rendered their verdict in favor of the defendant. It was their special function to determine this question, and an examination of the testimony convinces us that the verdict was fully justified. We do not think that the

charge is amenable to the criticisms contained in the assignments of error. We perceive no errors in the charge and the assignments of error are therefore dismissed.

Judgment affirmed.